# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROGELIO JUAN GONZALEZ,

Defendant.

Case No. 2:88-cr-00031-LDG

**ORDER**

Defendant Rogelio Juan Gonzalez seeks to seal all records (ECF No. 162) relating to his arrest for violating federal narcotics laws and, apparently, the ensuing federal charges filed in this matter.[1] The Government opposes (ECF No. 164).

---

[1] In his motion, Gonzalez apparently relies solely upon the information maintained by the FBI's Criminal Justice Information Services, which reports he was charged with "RICO" and "Conspiracy Cocaine." The docket in the present matter indicates that he was charged, in the Second Superceding Indictment, with two counts of Conspiracy to Launder Monetary Instruments which Represent Proceeds of Narcotics Trafficking, two counts of Laundering Monetary Instruments which Represent Proceeds of Narcotics Trafficking, one count of Structuring a Transaction so as to Cause or Attempt to Cause a Domestic Financial Institution to Fail to File a Report, and one count of Aiding and Abetting.

In his motion, Gonzalez asserts that he was arrested based upon a mistaken identity and that, "[u]pon discovery of the misidentification, the charges were dismissed." He summarily asserts that he "is employed in a position in which a lack of criminal background is significant.

"Congress has not expressly granted to the federal courts a general power to expunge criminal records." *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004). The Ninth Circuit has "asserted that federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases." *Id.* This expungement power is narrow and appropriately used only in extreme circumstances. *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991). Expunction should be exercised only to preserve vital legal rights, such as when an arrest or conviction was unlawful or invalid, or in which the government engaged in misconduct. *Id.*

Gonzalez has not shown any factor warranting the exercise of this Court's narrow inherent authority to seal records in appropriate and extraordinary circumstances. He has not offered any evidence that his arrest was unlawful or the result of government misconduct. Rather, he has merely asserted, without citation to any evidence, that he was arrested because of a misidentification, and that the charges were dismissed upon the subsequent discovery of that misidentification. The record, however, indicates that he was prosecuted over a period of more than 18 months. As part of his defense, Gonzalez unsuccessfully moved to dismiss three of the five counts in which he was named. Further, the charges against Gonzalez were eventually dismissed pursuant to the negotiated plea agreement of a co-defendant. Further, Gonzalez' summary assertion that he is employed in a position in which a lack of criminal background is significant does not suggest an extraordinary circumstance warranting the sealing of his arrest record.

Accordingly, for good cause shown,

IT IS **ORDERED** that Rogelio Juan Gonzalez' Watson's Petition to Seal Records or in the Alternative to Correct Identification Records (ECF No. 162) is DENIED.

DATED this ___ day of March, 2018.

_____
Lloyd D. George
United States District Judge

3